UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MIDFIRST BANK | § | |
| | § | |
| v. | § | CIVIL NO. 4:25-CV-395-SDJ |
| | § | |
| BECKY WOLF-HEATH, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff MidFirst Bank's Amended Motion for Default Judgment. (Dkt. #21). After full consideration, the Court finds that the motion should be **GRANTED in part** and **DENIED in part**.

### I. BACKGROUND

Plaintiff MidFirst Bank ("MidFirst") is a federally chartered savings association with its main office in Oklahoma City, Oklahoma. On October 25, 2003, MidFirst made a $94,730.00 home loan (the "Note") to Ned Franklin Heath (the "Decedent") at an interest rate of 6.5% per annum for real property located at 410 Elliot Street, Wylie, Texas 75098 (the "Property"). (Dkt. #1-1). The Note was secured by a deed of trust, also dated October 25, 2003, ("Security Instrument" and, together with the Note, the "Loan Agreement") which was recorded in the official public records of Collin County, Texas on November 3, 2003. (Dkt. #1-2). The Security Instrument names MidFirst as the beneficiary and grants MidFirst a security interest in the Property. (Dkt. #1-2 at 2–3).

The Loan Agreement provides that the "Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note." (Dkt. #1-2 at 3). Further, MidFirst may, upon default by Borrower,

"require immediate payment in full of all sums secured by this Security Instrument." (Dkt. #1-2 at 5). And if payment in full is required, MidFirst "may invoke the power of sale" and is "entitled to collect . . . reasonable attorney's fees." (Dkt. #1-2 at 7).

On or about August 16, 2021, the Decedent, Mr. Heath, passed away. (Dkt. #1 at 1). No probate is open for his estate. (Dkt. #1 at 1). MidFirst alleges that Defendants Becky Wolf-Heath and Megan Heath (Decedent's surviving spouse and daughter, respectively) are the alleged heirs of Decedent. (Dkt. #1 at 2).

MidFirst alleges that the Loan Agreement is currently in default due to a "failure to make required monthly payments," and that a notice of default was sent to the Property on November 25, 2024. (Dkt. #1 at 5); *see also* (Dkt. #1-3) (Notice of Default). The notice of default required that $8,150.21 be paid to cure the default, that payment must be received by December 30, 2024, and that after such date the lender intended to accelerate the loan balance. (Dkt. #1-3 at 2). After the default was not cured, MidFirst accelerated the loan by sending a Notice of Acceleration to the Property on January 22, 2025. (Dkt. #1 at 5); *see also* (Dkt. #1-4) (Notice of Acceleration).

MidFirst filed its Original Complaint on April 16, 2025, seeking from this Court (1) a declaration of its identity of and rights as the "owner and holder of the Note and beneficiary of the Security Instrument," (2) a declaration that it has a statutory probate lien against the Property, (3) an order to enforce its lien through non-judicial foreclosure, or, in the alternative, judicial foreclosure, and (4) reasonable attorney's fees. (Dkt. #1 at 6–8). MidFirst successfully executed substituted service of process, (Dkt. #15, #16), and Defendants were required to answer by September 18,

2025, which they failed to do. Defendants have not responded or otherwise appeared in this lawsuit since its filing. MidFirst then filed its Request for Clerk's Entry of Default, (Dkt. #17), which the clerk entered on September 24, 2025. (Dkt. #19).

In its motion, MidFirst asks the Court to declare that: "(1) there is a deed of trust encumbering the Property; (2) the loan is in default; (3) the amount of indebtedness is due and unpaid; (4) the property subject to the deed is the same property that foreclosure is sought; and (5) the requisite notices of default and acceleration were sent as required by the [Security Instrument] and the Texas Property Code." (Dkt. #21 at 4). MidFirst also asks the Court to issue a judgment allowing enforcement of MidFirst's lien through "non-judicial foreclosure pursuant to Texas Property Code [§] 51.002 and the terms of the [Security Instrument]." (Dkt. #21 at 4). MidFirst further asks for "court costs and attorney's fees in an amount to be determined upon subsequent motion pursuant to Federal Rule of Civil Procedure 54(d)(2)(B)(i), which will be added as a charge to the total debt and collected at the time." (Dkt. #21 at 4).

## II. Legal Standard

Federal Rule of Civil Procedure 55 sets forth the conditions upon which default may be entered against a party and the procedure to seek entry of a default judgment. *See* Fed. R. Civ. P. 55. Securing a default judgment involves a three-step procedure: (1) the defendant's default; (2) the entry of default; and (3) the entry of default judgment. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A "default" occurs when the defendant does not plead or otherwise respond to the complaint. *Id.* An "entry of default" is the notation the clerk makes after the default is established

by affidavit. *Id.* The plaintiff may then apply for a judgment by the court based on this default—a "default judgment." *Id.*

Entry of default judgment is within the court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Still, "[c]ourts in the Fifth Circuit utilize a three-part analysis" to determine whether a default judgment is appropriate: "1) whether the entry of default judgment is procedurally warranted, 2) whether a sufficient basis in the pleadings based on the substantive merits for judgment exists, and 3) what form of relief, if any, a plaintiff should receive." *Graham v. Coconut LLC*, No. 4:16-CV-606, 2017 WL 2600318, at *1 (E.D. Tex. June 15, 2017) (citing *Lindsey*, 161 F.3d at 893). By defaulting, the defendant "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citing *Ohio Cent. R.R. Co. v. Ctr. Tr. Co.*, 133 U.S. 83, 10 S.Ct. 235, 33 L.Ed. 561 (1890)). On the other hand, "a defendant's default does not concede the truth of allegations of the complaint concerning damages." *Graham*, 2017 WL 2600318, at *1 (citation omitted).

## III. Discussion

Because Defendants have not answered or otherwise appeared, and because MidFirst has obtained an entry of default against Defendants, (Dkt. #19), the first two requirements for a default judgment have been met. The only remaining issue is whether a default judgment should be entered. *N.Y. Life Ins.*, 84 F.3d at 141. For the reasons below, the Court finds that default judgment is warranted.

**A. Default Judgment is Procedurally Warranted**

Before granting a default judgment, "[t]he Court must first determine whether a default judgment is procedurally warranted," which involves six factors:

> (1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of the default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion.

*Griffin v. O'Brien, Wexler, & Assocs., LLC*, 680 F.Supp.3d 772, 780–81 (E.D. Tex. 2023). The Court finds that the six factors above weigh in favor of finding that default judgment is procedurally warranted against Defendants.

First, there are no issues of material fact. When a defendant defaults, it "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Nishimatsu*, 515 F.2d at 1206. Here, Defendants failed to answer the complaint or otherwise appear. As a result, Defendants have admitted MidFirst's well-pleaded factual allegations.

Second, MidFirst has been substantially prejudiced by Defendants' failure to appear. When a defendant fails to respond to a lawsuit, the adversarial process is brought to a halt, resulting in prejudice to the plaintiff's interests. *Ins. Co. of the W. v. H&G Contractors, Inc.*, No. C–10–390, 2011 WL 4738197, at *3 (S.D. Tex. Oct. 5, 2011). Here, MidFirst has already been prejudiced by the years-long delay caused by Defendants' failure to answer the complaint, and MidFirst will be further prejudiced absent a default judgment.

Third, the grounds for default judgment are clearly established. When a defendant fails to respond "to the summons and complaint, the entry of default, or the motion for default," then the grounds for default are clearly established. *Graham*, 2017 WL 2600318, at *2 (citation omitted); *see also* FED. R. CIV. P. 55(a). As described herein, Defendants were served in accordance with the Federal Rules. (Dkt. #15, #16). Defendants were then required to serve an answer or otherwise respond. As of the date of this order, they have not. Thus, the Court finds that the grounds for default against Defendants are clearly established.

Fourth, nothing in the record shows that Defendants' default is due to excusable neglect or good-faith mistake. Again, Defendants were properly served. (Dkt. #15, #16). Defendants neither responded nor offered evidence to show that their failure to respond was due to a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893.

Fifth, Defendants' failure to file any responsive pleading or motion mitigates the harshness of a default judgment. *Am. Heritage Life Ins. Co. v. Mitchell*, No. 6:15-CV-95, 2016 WL 3883029, at *3 (E.D. Tex. May 24, 2016), *report and recommendation adopted*, 2016 WL 3855257 (E.D. Tex. July 15, 2016). MidFirst followed the necessary procedural steps to obtain an entry of default. Because Defendants could have responded during this litigation and chose not to, a default judgment is not unduly harsh.

Sixth, nothing in the record suggests that MidFirst has contributed to the delay of this action or otherwise gives the court any reason to set aside the Clerk's entry of default. Thus, MidFirst has met the procedural requirements for default judgment.

**B. There is a Sufficient Basis for Default Judgment**

After establishing that default judgment is procedurally warranted, the Court must determine whether there is a sufficient basis for judgment. *Nishimatsu*, 515 F.2d at 1206. Although Defendants have now functionally admitted the allegations set forth in the Complaint, the Court must review the pleadings to determine whether the Complaint presents a sufficient basis for relief. *Id.*

The Fifth Circuit "draw[s] meaning from the case law on Rule 8, which sets forth the standards governing the sufficiency of a complaint." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). "Rule 8(a)(2) requires a pleading to contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* (quotations omitted). Ultimately, "[t]he factual allegations in the complaint need only 'be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (footnote and citations omitted)). This "low threshold" pleading standard "is less rigorous than that under Rule 12(b)(6)." *Cunningham v. Crosby Billing Servs., Corp.*, No. 4:18-CV-43, 2018 WL 6424792, at *4 (E.D. Tex. Oct. 14, 2018) (citation omitted). But only well-pleaded facts, not conclusions of law, are presumed true. *Nishimatsu*, 515 F.2d at 1206.

After reviewing MidFirst's pleadings and all the evidence before it, the Court finds that MidFirst has sufficiently pleaded claims warranting this Court's declaration that: (1) the Security Instrument is encumbering the Property; (2) the

loan at issue is in default; (3) the amount of indebtedness is due and unpaid; (4) the Property subject to the Security Instrument is the same Property that MidFirst seeks a foreclosure on; and (5) the default and acceleration notices were sufficient as required by the Security Instrument and Texas law.[1] The Court also finds that MidFirst, its successors, and assigns, are authorized to proceed with non-judicial foreclosure of the Property according to the terms of the Security Instrument and TEX. PROP. CODE § 51.002. However, MidFirst's request for reasonable court costs and attorney's fees will be denied without prejudice.

**i. Declaratory relief standard**

"Under the Declaratory Judgment Act, a federal court 'may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" *Sally Holdings LLC v. Bd. Ams., Inc.*, No. 4:22-CV-285-SDJ, 2023 WL 4424599, at *2 (E.D. Tex July 10, 2023) (quoting 28 U.S.C. § 2201(a)). When considering whether to retain jurisdiction over a declaratory judgment actions, district courts in the Fifth Circuit must engage in a three-step inquiry: "(1) whether an actual controversy exists between the parties to the case, (2) whether

[1] The Court notes that MidFirst, in its Complaint, does not ask the Court to make the five declarations it asks for in its motion. "It would be unfair to have the complaint lead [Defendants] to believe that only a certain type and dimension of relief was being sought and then . . . allow the court to give a different type of relief" in granting a default judgment. *Crenwelge v. First Steps Nursing & Therapy Servs.*, No. 5-20-CV-00941-DAE, 2021 WL 8053510, at *3 (W.D. Tex. Sept. 14, 2021) (quoting 10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2663 (4th ed. 2021)). However, in this case, MidFirst also asked, in both its Complaint and the motion, for an order authorizing enforcement of its lien through non-judicial foreclosure. The elements required to obtain a non-judicial foreclosure broadly track MidFirst's requested declarations. *See infra* Section III.B.iii. Thus, MidFirst's requested declarations are not "fundamentally unfair" to Defendants. *Crenwelge*, 2021 WL 8053510, at *3.

the court has the authority to grant declaratory relief, and (3) whether the court should exercise its broad discretion to decide or dismiss the action." *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 294 (5th Cir. 2019) (internal quotations omitted) (quoting *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000)).

First, an actual controversy exists between MidFirst and Defendants. "In the declaratory judgment context, whether a particular dispute is ripe for adjudication turns on whether a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests." *Venator Grp. Specialty, Inc. v. Matthew/Muniot Fam., LLC*, 322 F.3d 835, 838 (5th Cir. 2003) (citations omitted). "In other words, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *ProBuild S. LLC v. Rice*, No. H-09-1845, 2009 WL 7765777, at *3 (S.D. Tex. Sep. 17, 2009) (citing *Bauer v. Tex.*, 341 F.3d 352, 358 (5th Cir. 2003)).

Here, there is an actual controversy regarding the Loan Agreement. Defendants failed "to make required monthly payments," and therefore the Loan Agreement is "currently in default." (Dkt. #1 at 5). MidFirst now seeks foreclosure on the property. (Dkt. #1 at 7). Accordingly, there is an actual controversy. *See, e.g.*, *PennyMac Loan Servs., LLC v. Steaples*, No. 1:25-CV-00310-RP, 2026 WL 1008534, at *3 (W.D. Tex. Apr. 2, 2026) ("[A]n actual controversy exists due to the Decedent's default on the loan agreement and [Plaintiff]'s desire to foreclose the property.").

Second, this Court has authority to grant relief. District courts in the Fifth Circuit do not have authority to grant relief in declaratory judgment actions when "(1) a

declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff, (2) the state case involves the same issues as those involved in the federal case, and (3) the district court is prohibited from enjoining the state proceedings under the Anti-Injunction Act." *Travelers Ins. Co. v. La. Farm Bureau, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993). There is no evidence before the Court of any relevant state proceedings. Accordingly, the Court has authority to grant the requested declaratory relief. *See Sealed v. Sealed*, No. 94-30148, 1994 WL 487245, at *2 (5th Cir. Aug. 18, 1994) (unpublished) (citing *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir.1991)) ("The absence of any of the three factors defeats mandatory abstention . . . .").

Third, this Court should exercise its broad discretion over this declaratory judgment action. In determining whether to exercise broad discretion over declaratory judgment actions, courts in the Fifth Circuit must consider the non-exclusive *Trejo* factors:

> whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff's suit was brought in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedent in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit in federal court would serve the purpose of judicial economy; and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590–91 (5th Cir. 1994).

Here, the factors support the Court's exercise of its discretion. As previously stated, there is no evidence before the Court of a pending state court action. Additionally, there is no evidence that MidFirst brought this lawsuit in anticipation

of a suit by Defendants. The Property at issue is in the Eastern District of Texas, (Dkt. #1 at 2), "thus factors (3) through (5) do not militate against granting [MidFirst] declaratory relief." *U.S. Bank Tr. Co., Nat'l Ass'n as Tr. to U.S. Bank Nat'l Ass'n v. Godeaux*, No. 1:24-CV-519-MAC-CLS, 2025 WL 1911775, at *10 (E.D. Tex. May 27, 2025), *report and recommendation adopted*, 2025 WL 1704439 (E.D. Tex. June 18, 2025). Finally, "retaining this suit would serve the purposes of judicial economy because [MidFirst] and the Court have already expended time and resources in this case." *See RSDC Holdings, LLC v. Steinberg*, No. 16-9381, 2017 WL 117314, at *4 (E.D. La. Jan. 12, 2017). Accordingly, the Court finds that it should exercise its broad discretion to grant MidFirst's request for declaratory relief.

**ii. MidFirst's declaratory relief claims**

MidFirst seeks a declaration establishing its right to seek non-judicial foreclosure. MidFirst's requested declarations broadly track the requirements of TEX. PROP. CODE § 51.002. *See infra* Section III.B.iii.

First, the Court finds that the Security Instrument is encumbering the Property. "The lien created by a deed of trust is an encumbrance on the title to real property." *In re City Nat. Bank*, 257 S.W.3d 452, 455 (Tex. App.—Tyler 2008, orig. proceeding [mand. denied]) (citation omitted). MidFirst produced a true copy of the Security Instrument, which shows that the Property is subject to the lien created by the Security Instrument. (Dkt. #1-2). Accordingly, MidFirst has proven that the Security Instrument created a lien on the Property.

Second, the Court finds that the loan is in default. In the notice of default sent to the Property, MidFirst stated that the Loan Agreement was in default due to the property owner's failure to make required monthly payments, and that $8,150.21 needed to be paid to cure the default. (Dkt. #1-3 at 2). MidFirst has provided undisputed evidence that Defendants are heirs-at-law of the Decedent. (Dkt. #1 at 1–2); *see* TEX. ESTATES CODE §§ 101.001, 101.051, 201.001. Because the Decedent died intestate and probate was not opened for his estate, Defendants acquired Decedent's interest—and debt—in the Property. (Dkt. #1 at 1); *Bokf, N.A. v. Logan*, No. 3:19-CV-2910-B, 2020 WL 1470803, at *5 (N.D. Tex. Mar. 26, 2020). Defendants are therefore in default under the Loan Agreement. *See Bank of N.Y. Mellon Tr. Co., N.A. as Tr. for Mortg. Assets Mgmt. Series I Tr. v. Kunkel*, No. 621CV00344ADAJCM, 2022 WL 17813179, at *5 (W.D. Tex. July 5, 2022), *report and recommendation adopted*, 2022 WL 17812833 (W.D. Tex. Sept. 15, 2022) ("After Defendants inherited the property, they did not remedy this default.").

Third, the Court finds that the amount of indebtedness is due and unpaid. Under the Loan Agreement, MidFirst may accelerate the loan amount for "a failure to pay in full any monthly payment." (Dkt. #1-2 at 5). MidFirst has shown that the Loan Agreement is currently in default due to such a failure, and the loan amount was accelerated. (Dkt. #1 at 5). Accordingly, the loan amount is due and has not been paid.

Fourth, the Court finds that the property subject to the Security Instrument is the same property that MidFirst seeks to foreclose. The description of the property in the Security Instrument mirrors the property description of the complaint. *Compare*

(Dkt. #1 at 2), *with* (Dkt. #1-2 at 13) (stating identical real property description). Therefore, the property MidFirst seeks to foreclose is the same property subject to the Security Instrument.

Fifth, MidFirst sent notices of default and acceleration in accordance with the Loan Agreement and TEX. PROP. CODE § 51.002. (Dkt. #1-2 at 6–7). A debtor must be served written notice of default and receive at least 20 days to cure the default. TEX. PROP. CODE § 51.002(d). MidFirst mailed the notice of default to the Property on November 25, 2024. (Dkt. #1 at 5). The notice required the current property owner to cure default by December 30, 2024—35 days from the notice of default. (Dkt. #1-3 at 2). And MidFirst did not accelerate the loan amount until January 22, 2025, 59 days later, when notice of acceleration was mailed to the Property and Defendants. (Dkt. #1 at 5); (Dkt. #1-4). Accordingly, MidFirst gave proper notices of default and acceleration.

**iii. MidFirst's authorization for non-judicial foreclosure**

The Court also concludes that MidFirst is authorized to proceed with non-judicial foreclosure pursuant to the terms of the Loan Agreement and Section 51.002 of the Texas Property Code. For a lender to be entitled to non-judicial foreclosure in Texas, it must show that: "(1) a debt exists; (2) the debt is secured by a lien created under Article 16, Section 50(a)(6) of the Texas Constitution; (3) the borrower is in default under the Note and Security Instrument; and (4) the lender has properly notified the borrower of the default and, if applicable, the acceleration." *See* TEX.

PROP. CODE § 51.002; *Huston v. U.S. Bank Nat. Ass'n*, 988 F.Supp.2d 732, 740 (S.D. Tex. 2013), *aff'd*, 583 F.Appx. 306 (5th Cir. 2014).

First, a debt clearly exists as previously explained and evinced by the Note, Security Instrument, notices of default and acceleration, and MidFirst's Complaint. (Dkt. #1 at 5); (Dkt.#1-1 at 3); (Dkt. #1-2 at 5); (Dkt. #1-3 at 2); (Dkt. #1-4 at 5–7).

Second, the debt is secured by a lien created under Article 16, Section 50(a)(6) of the Texas Constitution. The Security Instrument, which MidFirst provides a copy of, created the requisite lien. (Dkt. #1-2).

Third, the Loan Agreement is in default. As previously explained, Defendants failed to make payments on the loan or to cure the default. (Dkt. #1 at 5). Accordingly, under the terms of the Loan Agreement, the loan is in default. (Dkt. #1-2 at 5).

Fourth, MidFirst complied with the notice requirements contained within the Loan Agreement and the Texas Property Code when it sent notice of default to the Property on November 25, 2024, and notice of acceleration on January 22, 2025.

Accordingly, the Court finds that MidFirst is authorized to proceed with non-judicial foreclosure of the Property pursuant to the terms of the Loan Agreement and Section 51.002 of the Texas Property Code.

**iv. Attorney's Fees and Costs**

MidFirst requests a "judgment for court costs and attorney's fees in an amount to be determined upon subsequent motion pursuant to Federal Rule of Civil Procedure 54(d)(2)(B)(i), which will be added as a charge to the total debt and collected at the time of foreclosure." (Dkt. #21 at 4). In the motion, MidFirst does not

request a specific amount of fees or costs, nor does it provide an affidavit of counsel attesting to the reasonableness and necessity of the requested fees. *See* FED. R. CIV. P. 54(d). Accordingly, MidFirst's request for attorney's fees and costs is denied without prejudice. MidFirst may file a motion for attorney's fees and costs pursuant to Federal Rule of Civil Procedure 54.

## IV. CONCLUSION

Based on the foregoing, Plaintiff MidFirst Bank's Amended Motion for Default Judgment, (Dkt. #21), is **GRANTED in part** and **DENIED in part**. It is therefore **ORDERED** that MidFirst Bank's request for declaratory relief is **GRANTED**. In particular, the Court declares as follows:

1. The Security Instrument is encumbering the Property;
2. The loan at issue is in default;
3. The amount of indebtedness is due and unpaid;
4. The Property subject to the Security Instrument lien is the same property on which MidFirst seeks to foreclose;
5. The notices of default and acceleration were sent as required by the Security Instrument and the Section 51.002 of Texas Property Code; and
6. MidFirst, its successors and assigns, may enforce the lien through non-judicial foreclosure of the Property pursuant to the terms of the Deed of Trust and Texas Property Code § 51.002 by conducting a public auction of the Property in conjunction with all regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month.

It is further **ORDERED** that MidFirst's request for reasonable attorney's fees and costs is **DENIED without prejudice**. MidFirst may submit a motion pursuant to Federal Rule of Civil Procedure 54.

**So ORDERED and SIGNED this 28th day of September, 2026.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE